## 21262

Roy VANCE, Appellant, v. STATE of South Carolina, Respondent.

(268 S. E. (2d) 275)

*Staff Atty. Vance J. Bettis of South Carolina Com'n of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. William K. Moore* and *Staff Atty. Corinne G. Russell,* Columbia, *for respondent.*

July 21, 1980.

GREGORY, Justice:

Appellant Roy Vance entered pleas of guilty to armed robbery and housebreaking. This appeal is from an order

denying appellant's application for post-conviction relief. We affirm.

On appeal, appellant contends trial counsel's joint representation of appellant and a co-defendant presented a conflict of interest. Neither appellant, his co-defendant nor their trial counsel voiced any objection to the joint representation at the time the pleas were entered. Appellant had determined to plead guilty prior to meeting with his attorney, to whom he freely admitted his guilt. Appellant's co-defendant, who also plead guilty, had given a statement inculpating appellant.[1] Following his plea the co-defendant would have been available as a witness if appellant had asked for a jury trial. This, appellant argues, raised a conflict of interest. We disgree.

Appellant's trial attorney testified in the court below that he envisioned no possible defense to the charges and saw no conflict in his role as counsel for both defendants. Their interests in his view were entirely consistent: to plead guilty and obtain as light a sentence as possible.

While unconstitutional multiple representation is never harmless error, *Glasser v. United States,* 315 U. S. 60, 62 S. Ct. 457, 86 L. Ed. 680 (1942), multiple representation standing alone is not violative of the Sixth Amendment. *Holloway v. Arkansas,* 435 U. S. 475, 98 S. Ct. 1173, 55 L. Ed. (2d) 426 (1978); accord, *Myers v. State,* 248 S. C. 539, 151 S. E. (2d) 665 (1966). In the recent case of *Cuyler v. Sullivan,* —— U. S. ——, 100 S. Ct. 1708, 64 L. Ed. (2d) 333 (1980), the United States Supreme Court drew the line beyond which multiple representation transgresses the Sixth Amendment right to effective assistance of counsel so as to become unconstitutional multiple representation:

"In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial [to multiple

---

[1] Appellant likewise gave a statement inculpating his co-defendant in the crimes.

representation] must demonstrate that an *actual conflict* of interest adversely affected his lawyer's performance." (Emphasis added) —— U. S. at ——, 100 S. Ct. at 1718.

Here no such showing has been made. In holding that ██ the possibility of a conflict is simply not enough to establish the constitutional predicate for a successful ineffective assistance argument, the Supreme Court in *Cuyler* recognized that "a possible conflict inheres in almost every instance of multiple representation." —— U. S. ——, 100 S. Ct. at 1720. We fail to see any actual conflict between the interests of appellant and his co-defendant requiring counsel to choose between the two or which otherwise adversely affected his performance.

Appellant argues his attorney's plea in mitigation for both clients demonstrates an actual conflict of interest. Suffice it to say we have examined the record and conclude this argument has no merit.

Accordingly, the judgment below is affirmed.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.