22087

Bobby GOINS, Appellant, v. STATE of South Carolina, Respondent.

(315 S. E. (2d) 121)

Supreme Court

*Asst. Appellate Defender William Isaac Diggs,* Columbia, for appellant.

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Donald J. Zelenka* and *Staff Atty. Sally M. Rentiers,* Columbia, *for respondent.*

April 24, 1984.

NESS, Justice:

Appellant Bobby Goins pled guilty to first degree criminal sexual conduct and was sentenced to fourteen years imprisonment. He appeals from the denial of his application for post conviction relief, contending his trial counsel's simultaneous presentation of two co-defendants presented a conflict of interest. We disagree and affirm.

Appellant and two co-defendants pled guilty to charges stemming from their involvement in a sexual assault, and agreed to testify for the State against a third co-defendant, Henderson. At trial, appellant testified he was present at the time Henderson committed the assault, but had remained at

the scene as a result of threats directed towards him by Henderson.

Subsequently, at his post-conviction relief hearing, appellant unsuccessfully argued in light of his testimony at the Henderson trial, his attorney had an obligation to move for a withdrawal of the guilty plea, but failed to do so in order to protect the interests of his co-defendants, who, like appellant, had yet to be sentenced. He now maintains this multiple representation raised a conflict of interest which denied him effective assistance of counsel. We disagree.

Multiple representation alone is not violative of the Sixth Amendment. *Holloway, et al. v. Arkansas*, 435 U.S. 475, 98 S. Ct. 1173, 55 L. Ed. (2d) 426 (1978). "In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial [to multiple representation] must demonstrate that an *actual conflict* of interest adversely affected his lawyer's performance." *Vance v. State*, 275 S. C. 162, 163, 268 S. E. (2d) 275, 276 (1980), quoting *Cuyler v. Sullivan*, 446 U.S. 335, 338, 100 S. Ct. 1708, 1718, 64 L. Ed. (2d) 333 (1980).

Appellant has shown nothing more than the mere possibility of conflict which "inheres in almost every instance of multiple representation." *Cuyler*, 446 U.S. at 352, 100 S. Ct. at 1720. Additionally, we find no support for appellant's contention that counsel erred in failing to move to withdraw the guilty plea, as appellant's testimony, while tending to minimize his involvement in the assault, provided an insufficient basis for a claim of innocence, especially when viewed in light of his voluntary guilty plea. We affirm.

Affirmed.

LITTLEJOHN, C. J., GREGORY and HARWELL, JJ., and PAUL M. MOORE, Acting Associate Justice, concur.