23786

Terry Lynn LANGFORD, Petitioner v.
STATE of South Carolina, Respondent.

(426 S.E. (2d) 793)

Supreme Court

*O. Lee Sturkey,* McCormick, *for petitioner.*

*Attorney General T. Travis Medlock, Chief Deputy Atty. Gen. Joseph D. Shine, Asst. Attys. Gen. Delbert H. Singleton, Jr.* and *Lisa G. Jefferson,* Columbia, *for respondent.*

Submitted Dec. 11, 1992.

Decided Feb. 1, 1993.

HARWELL, Chief Justice:

Terry Lynn Langford (Langford) and a co-defendant were represented by partners from the same law firm in a criminal prosecution. Langford's application for postconviction relief (PCR), alleging that his attorney was deficient for failing to inform him of the dangers of dual representation after his co-defendant decided to plead guilty, was dismissed by the PCR judge. We affirm.

## I. FACTS

Langford, Terry Howard (Howard) and Edwin Todd (Todd) were charged with three counts of burglary, two counts of grand larceny, and one count of assault and battery with intent to kill. Langford and Howard retained different partners from the same law firm to present their alibi defense that they had been together in Georgia when the crimes were committed. Although Langford and Howard has retained separate attorneys, in reality the attorneys jointly represented both co-defendants.

Co-defendant Todd, who was represented by independent

counsel, decided to plead guilty. At his guilty plea hearing, Todd produced a recorded conversation he had with Langford after their arrest in which Langford implicated himself in the burglaries. Howard decided to plead when he learned of the contents of the tape from his attorney. Langford thereafter also decided to plead guilty. Trial counsel advised Langford and Howard to enter their guilty pleas quickly so they could appear before the trial judge who imposed a lenient sentence on Todd. Following trial counsel's advice, Langford and Howard entered their pleas simultaneously and received identical sentences.

Langford applied for PCR alleging, among other things, that his attorney was ineffective. According to Langford, his attorney should not have continued to represent him after Howard decided to plead guilty without advising him of the dangers of dual representation. The PCR judge found that Langford had received effective assistance of counsel and dismissed the PCR application.

## II. DISCUSSION

Langford contends that he was prejudiced by his attorney's dual representation of him and Howard. We disagree.

Until a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for a claim of ineffective assistance of counsel arising from multiple representation. *Cuyler v. Sullivan*, 446 U.S. 335, 350, 100 S.Ct. 1708, 1719, 64 L.Ed. (2d) 333, 347 (1980); *see also Burger v. Kemp*, 483 U.S. 776, 783, 107 S.Ct. 3114, 3120, 97 L.Ed. (2d) 638, 650 (1987). The mere possibility of a conflict of interest is insufficient to impugn a criminal conviction. *Cuyler*, 446 U.S. at 350, 100 S.Ct. at 1719, 64 L. Ed. (2d) at 348.

Trial counsel accepted the alibi given by Langford and Howard and viewed their defenses as interdependent and coequal, thereby eliminating any concern that a conflict of interest would arise. The possible conflict that developed when Howard decided to plead guilty never ripened into an actual conflict, however, because Langford, fearing that Howard would testify against him, also decided to plead guilty. There is no evidence in the record from which it may be inferred that trial counsel advised either co-defendant to

plead guilty in order to obtain more favorable consideration for the other. The mere fact that Howard would be available to testify against Langford does not establish an actual conflict of interest. *See Goins v. State,* 281 S.C. 427, 315 S.E. (2d) 121 (1984); *Vance v. State,* 275 S.C. 162, 268 S.E. (2d) 275 (1980).

Langford contends that *Goins* and *Vance* are limited ■ by Rule 1.7 of the Rules of Professional Conduct, which addresses the responsibilities of an attorney who represents clients with conflicting interests. *See* Rule 407, SCACR, Rule 1.7. In our view, the Rules of Professional Conduct have no bearing on the constitutionality of a criminal conviction. Their purpose is to regulate and guide the legal profession by defining proper ethical conduct, and "nothing in the Rules should be deemed to augment any substantive legal duty of lawyers or the extra-disciplinary consequences of violating such a duty." Rule 407, SCACR. Accordingly, we dismiss Langford's claim as being without merit.

Our scope of review in PCR cases is to determine ■ whether the findings of the PCR judge are supported by any evidence in the record. If there is any evidence in the record to support the PCR judge, we must affirm his ruling. *Cherry v. State,* 300 S.C. 115, 386 S.E. (2d) 624 (1989). The evidence in this case shows that Langford's attorney never actively represented competing interests. The PCR judge was correct in finding that Langford received effective assistance of counsel. Therefore, the order dismissing Langford's PCR application is

Affirmed.

CHANDLER, FINNEY, TOAL and MOORE, J.J., concur.