24192

John W. EDGEMON, Petitioner v. STATE of South Carolina, Respondent.

(455 S.E. (2d) 500)

Supreme Court

---

*Chief Attorney Daniel T. Stacey,* of *South Carolina Office of Appellate Defense,* Columbia, *for petitioner.*

*Atty. Gen T. Travis Medlock, Chief Deputy Atty. Gen. James Patrick Hudson, Asst. Atty. Gen. Delbert H. Singleton, Jr.,* and *Staff Atty. David K. Avant,* Columbia, *for respondent.*

Submitted Oct. 19. 1994.

Decided Feb 13, 1995.

## ON WRIT OF CERTIORARI

*Per Curiam:*

Petitioner pled guilty to two counts of third-degree burglary and two counts of grand larceny. He was sentenced to consecutive terms of imprisonment for ten years for each burglary, and concurrent terms of five years for each larceny. No direct appeal was taken.

Petitioner's PCR application was denied. By order dated December 8, 1992, this Court granted his first petition for a writ of certiorari, dispensed with further briefing, and remanded to the circuit court for a new PCR hearing. Again, his application was denied, the PCR judge finding no conflict of interest existed. We granted certiorari.

Petitioner and two other co-defendants, Al Brogden and Angela Anderson Edwards, were charged with several burglaries of motel rooms. All three defendants

were represented by the Public Defender (Counsel).

It is clear from the record that counsel was actively pursuing conflicting interests in the representation of all three codefendants. Prior to Petitioner's guilty plea, negotiations were conducted between the Solicitor and Petitioner's codefendants, Brogden and Edwards.

At the guilty plea hearing, when questioned by the Trial Judge about Brogden, the Assistant Solicitor responded:

> Your Honor, we're going to have him up here before you later. There are some different circumstances related to him. Solicitor Watson felt that he was beneficial to the State; in fact, *he was going to testify against this defendant for the State had he gone to trial.*

The foregoing colloquy placed Counsel on notice that one of the codefendants would plead guilty and testify against Petitioner. The mere fact that Brogden would be available to testify against Petitioner does not establish an actual conflict of interest. *Langford v. State,* — S.C. —, 426 S.E. (2d) 793 (1993); *Vance v. State,* 275 S.C. 162, 268 S.E. (2d) 275 (1980).

However, evidence was presented at the second PCR hearing indicating, *prior to Petitioner's plea of guilty,* that Brogden was advised by Counsel to plead guilty and testify against Petitioner. Further, Brogden was promised the PTI program by the Solicitor in return for his plea. Counsel himself testified that he "did not work the PTI deals" of the other two codefendants other than emphasizing the codefendant's records and *convincing the Solicitor that they were less culpable.*

Clearly, Counsel should have ended the joint representation of Petitioner and the codefendants as the interests represented by him were conflicting. *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct 1708, 64 L.Ed. (2d) 333 (1980); *Langford, supra; Duncan v. State,* 281 S.C. 435, 315 S.E. (2d) 809 (1984).

The findings of the PCR judge are not supported by the record. Accordingly, we reverse. *High v. State,* 300 S.C. 88, 386 S.E. (2d) 463 (1989) (this Court will not uphold the PCR judge's finding if there is no evidence to support it).

Reversed.