484 S.E.2d 101

**Richard PADGETT, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

No. 24598.

Supreme Court of South Carolina.

Submitted Jan. 22, 1997.

Filed April 7, 1997.

Assistant Appellate Defender Lisa T. Gregory of South Carolina Office of Appellate Defense, Columbia, for petitioner.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa Nesbitt Cosby, and Assistant Attorney General Allen Bullard, Columbia, for respondent.

BURNETT, Justice.

Petitioner pled guilty to second degree arson, six counts of first degree burglary, two counts of second degree burglary, and seven counts of grand larceny.[1] This Court granted petitioner a writ of certiorari to review the decision of the post-conviction relief (PCR) judge denying petitioner relief. We affirm in part, reverse in part, and vacate one of petitioner's convictions.

Petitioner argues his trial counsel was ineffective, thereby rendering his guilty pleas involuntary. Specifically, he con-

---

1. Petitioner was sentenced to twenty years' imprisonment for arson, twenty-five years' imprisonment for each first degree burglary charge, fifteen years' imprisonment for each second degree burglary charge, and ten years' imprisonment for each grand larceny charge. All sentences were ordered to be served concurrently. As part of the negotiations, petitioner also agreed to plead guilty to two Beaufort County charges in exchange for a recommended twenty-five year sentence which would be served concurrently with the sentence imposed in Colleton County. In addition, the solicitor agreed to dismiss four other warrants pending against petitioner.

tends: 1) counsel had a conflict of interest, 2) counsel should have more vigorously defended him once he received a letter from Vernon Johnson recanting Johnson's statements to the police, and 3) counsel did not adequately investigate the first degree burglary charge concerning victim James Richardson.

## ISSUE

Is there any evidence which supports the PCR judge's finding petitioner received effective assistance of counsel?

## DISCUSSION

To establish a claim of ineffective assistance of counsel, a PCR applicant must show counsel's representation fell below an objective standard of reasonableness and he was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Cherry v. State*, 300 S.C. 115, 386 S.E.2d 624 (1989). Where there has been a guilty plea, the applicant must prove counsel's representation fell below the standard of reasonableness and, but for counsel's unprofessional errors, there is a reasonable probability he would not have pled guilty but would have insisted upon going to trial. *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Alexander v. State*, 303 S.C. 539, 402 S.E.2d 484 (1991). Where counsel articulates a valid reason for employing certain trial strategy, the conduct will not be deemed ineffective. *Roseboro v. State*, 317 S.C. 292, 454 S.E.2d 312 (1996); *Underwood v. State*, 309 S.C. 560, 425 S.E.2d 20 (1992). If there is any evidence to support the findings of the PCR judge, those findings must be upheld. *Cherry v. State, supra.* This Court will not uphold the findings of the PCR judge if there is no probative evidence to support them. *Holland v. State*, 322 S.C. 111, 470 S.E.2d 378 (1996).

### 1) *Conflict of Interest*

Eight months prior to petitioner's plea, trial counsel moved to be relieved. Petitioner was present at the motion hearing. At the hearing, counsel told the trial judge two of the burglary victims, Gustin and Lambridge, were his friends and he was representing the sheriff in a civil matter. Counsel

stated he had disclosed these concerns to petitioner. Upon questioning by the trial judge, counsel stated he did not believe his representation of petitioner would be influenced by his representation of the sheriff. The trial judge then denied the motion, indicating petitioner could move on his own behalf to have counsel removed.

At the PCR hearing, counsel testified his friendships with two of the victims did not affect his representation of petitioner. Petitioner testified, while he was present at the motion to be relieved, he was not informed he could move to have counsel relieved.

■ The PCR judge did not rule on the conflict of interest issue. Accordingly, this issue is not preserved for the Court's consideration. *Pruitt v. State,* 310 S.C. 254, 423 S.E.2d 127 (1992).

In any event, petitioner failed to establish counsel had an actual conflict of interest. Counsel specifically denied his relationships with two of the victims or his representation of the sheriff affected his representation of petitioner. *Langford v. State,* 310 S.C. 357, 426 S.E.2d 793 (1993) (the mere possibility of a conflict of interest is insufficient to impugn a criminal conviction).

### 2) *Vernon Johnson, Jr., Letter*

■ At the PCR hearing, Vernon Johnson, Jr., petitioner's nephew and co-defendant, testified he had given statements to the police in which he implicated petitioner in various burglaries. He explained he later sent a letter to trial counsel in which he stated petitioner had not been involved in two of the burglaries and the statements he had previously given the police were false. Johnson testified counsel did not contact him concerning the letter.

Trial counsel testified he received the letter from Johnson and discussed the letter with petitioner. He stated he told petitioner his chances would improve if his nephew did not testify against him at trial. Counsel explained, however, from his experience it was risky to rely on a person who had

recanted his statement to the police because his testimony would be uncertain until he actually testified at trial.

Trial counsel further testified, in addition to Johnson's statement, other evidence against petitioner included a statement from another co-defendant, forensic evidence indicating tools found in petitioner's car were used in the break-ins, and testimony from a pawn shop owner that petitioner had sold stolen property to the pawn shop.

The PCR judge concluded "counsel's reluctance to rely on Johnson's retraction on [sic] Johnson's statement to police was reasonable."

The PCR judge did not rule on whether counsel should have "more vigorously defended the charges" after obtaining Johnson's letter. Accordingly, this issue is not preserved for the Court's consideration. *Pruitt v. State, supra.*

In any event, petitioner has failed to establish counsel was deficient by not more vigorously defending the charges. Petitioner has not suggested what action counsel should have taken to more vigorously defend him after receiving Johnson's letter. Moreover, petitioner has not established prejudice. The record indicates there was other evidence against petitioner, including a statement by another co-defendant. Accordingly, petitioner has not met his burden of establishing ineffective assistance of trial counsel. *Strickland v. Washington, supra; Cherry v. State, supra.*

### 3) *James Richardson Burglary*

The first degree burglary indictment in question alleges petitioner unlawfully entered the dwelling of James Richardson. At the PCR hearing, Richardson testified his barn had been broken into, no one lived in the barn, and there were no other buildings on the premises.

Petitioner testified he worked on construction projects near the Richardson property and knew the building on the property was a barn. Trial counsel testified he did not talk to petitioner about the Richardson burglary and did not know if his investigator spoke with petitioner about the burglary. He

stated he did not visit the crime scene and did not have an opinion as to whether breaking into a barn was first or second degree burglary. At the PCR hearing, the State conceded burglary of Richardson's barn did not constitute first degree burglary,[2] but argued petitioner was not prejudiced because the Richardson indictment was one of six first degree burglary indictments for which petitioner received the benefit of a negotiated sentence.

The PCR judge concluded counsel's failure to challenge the first degree burglary indictment for the Richardson burglary was trial strategy.

We disagree with the PCR judge. Trial counsel did not articulate any strategy for not challenging the Richardson indictment. In fact, since counsel did not know the Richardson break-in occurred at a barn, he could not have decided as a matter of strategy not to challenge the indictment. Moreover, it appears counsel did not recognize a distinction between Richardson's barn and a dwelling for first degree burglary purposes. As to this issue, the PCR judge's conclusion is not supported by the evidence of record and should be reversed. *Holland v. State, supra.* Accordingly, we vacate petitioner's conviction as to this one indictment.

**AFFIRMED IN PART, REVERSED IN PART, AND VACATED.**

FINNEY, C.J., and TOAL, MOORE and WALLER, JJ., concur.

---

2. First degree burglary requires the entering of a dwelling without consent. S.C.Code Ann. § 16–11–311 (Supp.1996). "Dwelling" is defined as any building in which a person sleeps or lodges and all other buildings within two hundred yards of it. S.C.Code Ann. § 16–11–10 (1985). Additionally, "dwelling" is defined as the living quarters of a building which are normally used for sleeping, living, or lodging by a person. S.C.Code Ann. § 16–11–310(2) (Supp.1996). Since no one lived in the Richardson barn and there were no other buildings on the premises, the evidence did not support an indictment for first degree burglary.