486 S.E.2d 747

**Billy Joe DAVIS, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

No. 24636.

Supreme Court of South Carolina.

Submitted May 21, 1997.

Decided June 23, 1997.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa A. Knox, and Assistant Attorney General Matthew M. McGuire, Columbia, for Petitioner.

Daniel T. Stacey, of South Carolina Office of Appellate Defense, Columbia, for Respondent.

BURNETT, Justice:

Respondent was indicted for trafficking in cocaine, resisting arrest, and driving under suspension, second offense. He pled guilty to possession with intent to distribute (PWID) cocaine and to the two other charges.[1] Because trial counsel had insufficient time to prepare for respondent's case, the post-conviction relief (PCR) judge concluded respondent was denied effective assistance of counsel and granted respondent a new trial. This Court granted the State a writ of certiorari to review the order of the PCR judge. We reverse.

## ISSUE

Is there any evidence to support the PCR judge's conclusion counsel was ineffective, thereby rendering respondent's plea involuntary?

---

1. Respondent was actually indicted on seven charges stemming from three different incidents which occurred in July, September, and November 1992. The disposition of four of the charges does not appear in the Appendix.

## FACTS

In April 1993, without objection from respondent, the trial judge granted two private attorneys' motions to be relieved as respondent's counsel. The trial judge decided a third private attorney did not represent respondent. Thereafter, the trial judge informed respondent he had the right to be represented by counsel. Respondent indicated he desired an attorney. The trial judge appointed Assistant Public Defender Fletcher Johnson to represent respondent on the pending charges.

Approximately twenty minutes after this appointment, respondent entered his guilty plea. Upon questioning by the trial judge, respondent indicated he had had sufficient time to discuss his case with Johnson and he had told Johnson everything he knew about the charges. Respondent denied being forced to plead guilty and indicated he was pleading guilty freely and voluntarily.

The trial judge informed respondent of the maximum sentence for each charge and of his constitutional rights. Respondent admitted he was guilty and indicated he did not want a jury trial on any of the charges.

The solicitor stated he and respondent had negotiated extensively and he would have recommended a fifteen year sentence to trafficking, a violent offense. However, he accepted Johnson's counter-offer to plead guilty to PWID, a non-violent offense, in exchange for a twenty year sentence.

During the plea proceeding, Johnson stated respondent admitted he had possessed cocaine. Johnson agreed the negotiated plea to PWID was a "fair and just solution" and maintained respondent intelligently, knowingly, and voluntarily waived his right to a trial.

At the PCR hearing, respondent testified he was not guilty of trafficking in cocaine and thought he had a possible defense to this charge. He also stated he was not guilty of resisting arrest and suggested he had pled guilty because of a "deal." Respondent maintained the solicitor's office had promised him "five to eight" and he thought this was the sentence he would

receive in April.[2]   He testified the solicitor's office changed its offer on the morning of the plea.

During the twenty minute interval between the appointment of Johnson and the entry of the plea, respondent spoke to the assistant solicitor about a plea bargain.   Respondent stated Johnson did not talk to him about possible defenses and no one informed him of the evidence against him, but he and Johnson did discuss the solicitor's five-to-eight-year proposal.

Respondent testified he was pressured into accepting the longer sentence because the solicitor stated he would call respondent's case for trial that day.   He further testified when he tried to inform the trial judge of the earlier negotiations, Johnson tapped him on the leg "like he was going to handle it."   Respondent stated Johnson did not have time to investigate and prepare his case for trial and he had not had time to discuss his witnesses or defense with Johnson.

Johnson testified he was appointed to represent respondent because he was the only public defender in the courtroom. He told respondent the solicitor wanted to call respondent's case next for trial and the trial judge had indicated a desire to proceed.   Johnson informed respondent he did not have to plead guilty but respondent felt he had no other choice.   He testified he told respondent if he went to trial, Johnson would state he was ineffective.

Johnson explained he negotiated a plea to a non-violent offense in order for respondent to serve his time in a better jail.   Johnson denied knowing about any negotiations for a sentence between five and ten years.   Considering respondent's past record, Johnson admitted the negotiated sentence was fair.

Johnson agreed he did not have an opportunity to contact witnesses or conduct his own investigation and he would have so stated on the record if respondent had gone to trial.   He stated he was, however, able to view the State's evidence and discuss the charges with respondent.   Johnson testified respondent was forced into going to trial or pleading guilty, and,

---

**2.**   Respondent testified the solicitor's office had promised him a ten year sentence in January.

for this reason, he did not believe respondent was treated fairly.

## DISCUSSION

To establish a claim of ineffective assistance of counsel, a PCR applicant must show (1) counsel's representation fell below an objective standard of reasonableness and (2) he was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Cherry v. State*, 300 S.C. 115, 386 S.E.2d 624 (1989). Where there has been a guilty plea, the applicant must prove counsel's representation fell below the standard of reasonableness and, but for counsel's unprofessional errors, there is a reasonable probability he would not have pled guilty but would have insisted upon going to trial. *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Padgett v. State*, 324 S.C. 22, 26, 484 S.E.2d 101 (1997).

The record supports the PCR judge's conclusion Johnson's performance was deficient. Johnson testified he did not conduct an investigation of the charges against respondent and admitted he was unprepared for trial.

However, the record does not support the PCR judge's conclusion respondent was prejudiced by counsel's deficient performance. Neither respondent nor Johnson suggested how additional preparation on Johnson's behalf would have resulted in a different outcome. Respondent presented no witnesses or any specific testimony establishing he would have had a defense if he had had additional time to prepare for trial. *See Skeen v. State*, 325 S.C. 210, 481 S.E.2d 129 (1997)(where PCR applicant fails to establish what evidence he could have procured had counsel moved for a continuance, he fails to establish how he was prejudiced by counsel's incomplete preparation); *Kibler v. State*, 267 S.C. 250, 227 S.E.2d 199 (1976)(Court will not speculate concerning what might have occurred if counsel had conducted further investigation). Furthermore, respondent never indicated had counsel's performance not been deficient, he would not have pled guilty but would have insisted upon going to trial. *Hill v. Lockhart, supra,; Padgett v. State, supra.* Accordingly, respondent failed to demonstrate prejudice as required by *Strickland* and,

therefore, the PCR judge erred in granting him a new trial.[3] *Padgett, supra* (this Court will not uphold the findings of the PCR judge if there is no probative evidence to support them).

**REVERSED.**

FINNEY, C.J., and TOAL, MOORE and WALLER, JJ., concur.

---

**3.** This Court has only declared the two-part *Strickland* inquiry inappropriate where counsel is absent at a critical stage of a defendant's trial. In such a situation, prejudice is presumed. *McKnight v. State,* 320 S.C. 356, 465 S.E.2d 352 (1995).