552 S.E.2d 315

**James P. HUGHES, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

No. 25348.

Supreme Court of South Carolina.

Submitted June 20, 2001.

Decided Aug. 27, 2001.

556

Assistant Appellate Defender Aileen P. Clare, of Columbia, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Allen Bullard, and Assistant Attorney General Douglas E. Leadbitter, all of Columbia, for respondent.

WALLER, Justice:

We granted a writ of certiorari to review the denial of Post–Conviction Relief (PCR) to Petitioner, James P. Hughes (Hughes). We affirm.

## FACTS

Hughes was indicted for assault and battery with intent to kill (ABIK), possession of a weapon during a violent crime, and pointing a firearm in connection with events which occurred in Kingstree on September 1, 1994.[1] Both the ABIK victim, Marone Nesmith (Nesmith), and Hughes' co-defendant, Larone Shaw (Shaw)(the pointing a firearm victim), testified Hughes walked up to Shaw, held a gun to his throat, and threatened to kill Shaw if he didn't pay Hughes money he owed. Nesmith, witnessing the events, crossed the street to avoid the confrontation. As Hughes began walking away from Shaw, Shaw pulled a gun and shot at Hughes; the bullet missed Hughes and hit Nesmith, permanently paralyzing him.

Shaw and Hughes were jointly tried on April 4–5, 1995.[2] At the close of the state's case, the state *nol prossed* the charges of ABIK and possession of a weapon during a violent crime against Hughes, leaving Hughes to be tried solely on the charge of pointing a firearm, with Shaw remaining as his co-

---

1. Although Hughes was initially indicted only for pointing a firearm, the indictment was amended before the grand jury when "evidence came forward, both [he and his co-defendant] were shooting."

2. Shaw was indicted for ABIK and possession of a weapon during a violent crime.

defendant. The trial judge indicated that since the cases had already been tried together to that point, he saw no reason to sever. The jury convicted Hughes of pointing a firearm, and he was sentenced to five years.[3]

Hughes sought PCR, alleging counsel was ineffective in failing to investigate the evidence against him (on the charges of ABIK and possession of a weapon during a violent crime), and failing to move to sever his trial from Shaw's. The PCR court denied relief. We affirm.

## ISSUE

Did the trial court err in ruling counsel was not ineffective in failing to move for a severance?

## DISCUSSION

 "To establish a claim of ineffective assistance of trial counsel, a PCR applicant has the burden of proving counsel's representation fell below an objective standard of reasonableness and, but for counsel's errors, there is a reasonable probability that the result at trial would have been different.... A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial." *Johnson v. State*, 325 S.C. 182, 186, 480 S.E.2d 733, 735 (1997) (citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Thus, a PCR applicant must show both error and prejudice to win relief. *Scott v. State*, 334 S.C. 248, 513 S.E.2d 100 (1999). The burden is on the PCR applicant to prove the allegations in his application. *Butler v. State*, 286 S.C. 441, 334 S.E.2d 813 (1985). An appellate court must affirm the PCR court's decision when its findings are supported by any evidence of probative value. *Cherry v. State*, 300 S.C. 115, 386 S.E.2d 624 (1989).

 Criminal defendants who are jointly tried are not entitled to separate trials as a matter of right. *State v. Dennis*, 337 S.C. 275, 281, 523 S.E.2d 173, 176 (1999). A defendant who alleges he was improperly tried jointly must

---

3. Shaw was convicted of ABIK and possession of a weapon during commission of a violent crime and sentenced to 15 years, and five years, respectively.

show prejudice before this Court will reverse his conviction. *Id.* The general rule allowing joint trials applies with equal force when a defendant's severance motion is based upon the likelihood he and a co-defendant will present mutually antagonistic defenses, i.e., accuse one another of committing the crime. *Id.* A severance should be granted only when there is a serious **risk that a joint trial would compromise a specific trial right of a co-defendant** or prevent the jury from making a reliable judgment about a co-defendant's guilt. *Id.* (Emphasis supplied). A proper cautionary instruction may help protect the individual rights of each defendant and ensure that no prejudice results from a joint trial. *State v. Holland,* 261 S.C. 488, 494, 201 S.E.2d 118, 121(1973). An appellate court should not reverse a conviction achieved at a joint trial in the absence of a reasonable probability that the defendant would have obtained a more favorable result at a separate trial. *People v. Greenberger,* 58 Cal.App.4th 298, 68 Cal. Rptr.2d 61, 86 (1997).

██ Here, the thrust of Hughes' argument is that he should not have been tried with his co-defendant Shaw because evidence concerning the ABIK and possession of a weapon during a violent crime was irrelevant to the sole crime with which he was charged, i.e. pointing a firearm. Hughes asserts he would have been found not guilty of pointing a firearm if the trials had been severed. We disagree. There is simply not a reasonable probability that, had the charges been severed, the jury would have found Hughes not guilty of pointing a firearm.[4]

As noted previously, the charges of ABIK and possession of a weapon during a violent crime were *nol prossed* by the solicitor at the close of the state's case. At this point, the court instructed the jury that those counts no longer existed with regard to Hughes.[5] Both the victim and Shaw testified

---

4. We assume, *arguendo,* counsel's representation fell below an objective standard of reasonableness in failing to move for a severance since, had he learned that neither Shaw nor Nesmith would inculpate Hughes of the ABIK charges, a severance could likely have been obtained prior to trial. The issue remains, however, whether Hughes was in any way prejudiced by the lack of a severance.

5. In its final charge, the court reiterated that Shaw was charged with ABIK and possession of a weapon during a violent crime, and Hughes

Hughes walked up to Shaw, held a gun to his throat and threatened to kill Shaw if he didn't give him money. Further, both Shaw and Nesmith testified Shaw was the only shooter. Hughes did not testify and the sole witness he presented was a cab driver who testified he'd given Hughes a ride to Thorne Avenue, where the incident occurred, and picked him up again about 10 minutes later, but that he did not see Hughes carrying a pistol either time. The cabdriver testified that when he picked him up the second time, Hughes was acting strange. He took Hughes to the back of the courthouse where Hughes' car was parked. In closing argument, Hughes' sole defense was that Shaw had simply invented a "self-defense" story in an attempt to exculpate himself of liability for shooting Nesmith.

We ascertain no evidence presented at the joint trial which would not have been presented at an independent trial of Hughes. Given that the only two eyewitnesses testified Hughes walked up, pointed a gun at Shaw's throat, and threatened to kill him, it is patent this evidence would have come out at an independent trial. Therefore, the only evidence of which Hughes really complains is evidence that Shaw shot at Hughes, missing him and accidentally hitting Nesmith (i.e., the ABIK). However, as both Shaw and Nesmith testified Hughes was in no way involved in the ABIK, we fail to see how this evidence was in any way prejudicial to Hughes. Moreover, since Hughes' sole defense to the charge of pointing a firearm was that it was a fabrication by Shaw to exculpate himself of liability for the ABIK, it is likewise patent evidence of the ABIK would have been presented at a separate trial.[6] Accordingly, Hughes has not demonstrated in what way he was prejudiced by the joint trial, nor has he shown a reasonable probability that the outcome would have been different had he been separately tried. Finally, Hughes has failed to demonstrate any specific trial right which was compromised,

---

was charged with pointing a firearm. The court also advised that each of the cases was to be considered separately and distinctly, and thoroughly went over the verdict forms applicable to each defendant.

6. Hughes makes no claim that an alternate defense would have been presented at an independent trial.

or that the joint trial somehow prevented the jury from making a reliable determination of his guilt. *Dennis, supra.*

We have consistently held that an applicant seeking relief on PCR must demonstrate not only error, but also prejudice. *See Humbert v. State,* 345 S.C. 332, 548 S.E.2d 862 (2001) (Court will not presume prejudice where defendant was tried wearing prison garb and shackles); *Brown v. State,* 340 S.C. 590, 533 S.E.2d 308 (2000) (defendant who was not advised of right not to testify must demonstrate prejudice on PCR); *Davis v. State,* 326 S.C. 283, 486 S.E.2d 747 (1997) (declining to presume prejudice where trial counsel did not conduct an investigation of the charges against his client and admitted he was unprepared for trial). We adhere to this precedent and decline to presume prejudice under the limited facts of this case.

We do not, by our opinion, imply that a defendant jointly tried with a co-defendant/victim would never be entitled to PCR. On the contrary, if a defendant is able to demonstrate prejudice from such a joint trial,[7] PCR would be warranted. However, this is simply not the situation in the present case and Hughes has demonstrated no prejudice resultant from the joint trial with Shaw.

The ruling of the PCR judge is

**AFFIRMED.**

BURNETT, J., concurs. PLEICONES, J., concurring in a separate opinion. MOORE, J., dissenting in a separate opinion in which TOAL, C.J., concurs.

PLEICONES, Justice (concurring separately):

I agree with the result reached by the majority. I write separately to express my concern about the potential for abuse in the joint prosecution of defendants similarly situated to these.

---

**7.** If, for example, Shaw had given a statement inculpating Hughes and then refused to testify, there could have been Confrontation Clause problems with a joint trial. Since, however, Shaw testified and was subject to cross-examination, no such right was compromised in this case.

The absence of evidence that Hughes committed Assault and Battery with Intent to Kill (ABIK) [8] supports an inference that the prosecution's decision to try Hughes and Shaw jointly was a stratagem used only to prejudice Hughes by presenting evidence of Nesmith's injuries before the jury. Such evidence was irrelevant to the issue of Hughes's guilt on the pointing and presenting a firearm charge, and would not have been admitted had Hughes been tried separately on that charge. I would strongly discourage the employment of such ploys by the prosecution.

Notwithstanding the above, Hughes has failed to meet his burden of showing a reasonable probability that the outcome of the proceeding would have been different had separate trials been conducted, and therefore, is not entitled to post-conviction relief.[9]

MOORE, Justice (dissenting):

I respectfully dissent from the majority's opinion. Under the particular facts of this case, the act of trying Hughes with Shaw, who was the victim of Hughes's crime of pointing a firearm, as his co-defendant was inherently prejudicial.

While it is true criminal defendants who are jointly tried are not entitled to separate trials as a matter of right,[10] a criminal defendant is entitled to a trial free from bias and confusion. As the majority states, a severance should be granted only when there is a serious risk that a joint trial would compromise a specific trial right of a co-defendant *or prevent the jury from making a reliable judgment about a co-defendant's guilt. State v. Dennis,* 337 S.C. 275, 523 S.E.2d 173 (1999) (emphasis added). Allowing Hughes to be tried with his victim as his co-defendant seriously hampered the jury's ability to make a

---

**8.** Whether this was apparent to the prosecution prior to trial or whether it only became apparent at the close of the state's case is unclear. Given the total lack of evidence of ABIK against Hughes, the circumstances are strongly suspect.

**9.** I am less convinced that trial counsel was not ineffective in failing to request that the **charges** against Hughes be severed and separate trials had on the ABIK and pointing and presenting a firearm charges. Since that issue is not before the Court, it need not be addressed.

**10.** *State v. Dennis,* 337 S.C. 275, 523 S.E.2d 173 (1999).

reliable judgment about Hughes's guilt for the charge of pointing a firearm. Accordingly, I would hold the PCR court erred by finding counsel was not ineffective for failing to investigate the charges against Hughes and for failing to make a motion to sever Hughes's trial from his victim/co-defendant's trial.

TOAL, C.J., concurs.