THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Michael A.
 Carr, Appellant.
 
 
 

Appeal From Horry County
 James E. Lockemy, Circuit Court Judge
Unpublished Opinion No.  2010-UP-342
Submitted June 1, 2010  Filed June 29,
 2010
AFFIRMED

 
 
 
 Appellate Defender Elizabeth A. Franklin-Best, of Columbia, for
 Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, Assistant
 Attorney General J. Anthony Mabry, of Columbia; and John Gregory Hembree, of
 Conway, for Respondent.
 
 
 

PER CURIAM: Michael A.
 Carr appeals his conviction for murder, arguing the trial court erred in
 denying his motion for a directed verdict and his motion for severance.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: 
1. As to whether the trial court erred in denying Carr's motion
 for a directed verdict:  State v.
 Hernandez, 382 S.C. 620, 624, 677
 S.E.2d 603, 605 (2009) ("If there is any direct evidence or
 substantial circumstantial evidence reasonably tending to prove the guilt of
 the accused, [this court] must find the case was properly submitted to the
 jury."); State v. Stuckey, 347 S.C. 484, 499 n.7, 556 S.E.2d 403,
 411 n.7 (Ct. App. 2001) (noting this court considers only the existence or
 nonexistence of evidence in reviewing the denial of a directed verdict motion,
 thus witness credibility is not a proper inquiry for consideration).
2. As
 to whether the trial court erred in denying Carr's motion for severance: The
 trial court did not abuse its discretion in denying Carr's motion for
 severance.  State v. Dennis, 337 S.C. 275, 282, 523 S.E.2d 173,
 176 (1999) ("Motions for a severance . . . are addressed to the
 discretion of the trial court.  Absent a showing of an abuse of discretion,
 this Court will not disturb the trial court's ruling on appeal.")
 (citations omitted); Hughes v. State, 346 S.C. 554, 559, 552 S.E.2d 315,
 317 (2001) ("An appellate court should not reverse a conviction
 achieved at a joint trial in the absence of a reasonable probability that the
 defendant would have obtained a more favorable result at a separate
 trial.").  Further, the trial court's cautionary instruction protected
 Carr's individual rights and ensured he was not prejudiced by the joint trial.  See State v. Holland, 261 S.C. 488, 494, 201 S.E.2d 118,
 121 (1973) (finding trial court's cautionary instructions to the jury
 protected the rights of each individual appellant and ensured there was no prejudice
 arising out of their joint trial). 
AFFIRMED.
FEW,
 C.J., THOMAS, and PIEPER, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.