**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Ralph Bernard Coleman, Appellant.

Appellate Case No. 2011-181966

Appeal From Orangeburg County
Edgar W. Dickson, Circuit Court Judge

Unpublished Opinion No. 2013-UP-001
Heard November 13, 2012 – Filed January 2, 2013

**AFFIRMED**

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, and Senior Assistant Attorney General Melody Jane Brown, all of Columbia; and Solicitor David Michael Pascoe, Jr., of Orangeburg, for Respondent.

**PER CURIAM:** Ralph Coleman appeals his convictions of armed robbery, burglary, and murder. On appeal, he argues the trial court erred in (1) denying his motion for severance; (2) denying his motion to suppress a witness's identification of him; and (3) denying his motion to suppress a photograph of a rifle. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in denying Coleman's motion for severance: *State v. Spears*, 393 S.C. 466, 475, 713 S.E.2d 324, 328 (Ct. App. 2011) ("'A motion for severance is addressed to the sound discretion of the trial court.'" (quoting *State v. Simmons*, 352 S.C. 342, 350, 573 S.E.2d 856, 860 (Ct. App. 2002))); *id.* at 475, 713 S.E.2d at 328-29 ("Where the offenses charged in separate indictments are of the same general nature involving connected transactions closely related in kind, place and character, the trial [court] has the power, in [its] discretion, to order the indictments tried together if the defendant's substantive rights would not be prejudiced."); *State v. Halcomb*, 382 S.C. 432, 439, 676 S.E.2d 149, 152 (Ct. App. 2009) ("Criminal defendants who are jointly tried for murder are not entitled to separate trials as a matter of right.); *State v. Dennis*, 337 S.C. 275, 281, 523 S.E.2d 173, 176 (1999) ("The general rule allowing joint trials applies with equal force when a defendant's severance motion is based upon the likelihood he and a codefendant will present mutually antagonistic defenses, i.e., accuse one another of committing the crime."); *State v. Smith*, 387 S.C. 619, 625-26, 693 S.E.2d 415, 418-19 (Ct. App. 2010) (holding the loss of the right to have the last closing argument is not a ground upon which to grant severance); *Hughes v. State*, 346 S.C. 554, 559, 552 S.E.2d 315, 317 (2001) (holding the trial court should grant a severance "only when there is a serious risk that a joint trial would compromise a specific trial right of a co-defendant or prevent the jury from making a reliable judgment about a co-defendant's guilt" (emphasis omitted)).

2. As to whether the trial court erred in denying Coleman's motion to suppress a witness's identification: Rule 602, SCRE ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."); *State v. Williams*, 321 S.C. 455, 463, 469 S.E.2d 49, 54 (1996) ("The opinion or inference of a lay witness is admissible if it is a) rationally based on the perception of the witness, b) helpful to the determination of a fact in issue, and c) does not require special knowledge."); *State v. Washington*, 323 S.C. 106, 110, 473 S.E.2d 479, 481 (Ct. App. 1996) (stating the admission of pretrial identification evidence is within the sound discretion of the trial court and its ruling will not be disturbed on appeal absent a clear abuse of that discretion); *State v. Singleton*, 395 S.C. 6, 13, 716 S.E.2d 332, 335-36 (Ct. App.

2011) ("To warrant reversal based on the admission or exclusion of evidence, the appellant must prove both the error of the ruling and the resulting prejudice, i.e., that there is a reasonable probability the jury's verdict was influenced by the challenged evidence or the lack thereof.").

3. As to whether the trial court erred in denying Coleman's motion to suppress the photograph of a rifle: *State v. Holder*, 382 S.C. 278, 290, 676 S.E.2d 690, 697 (2009) ("The relevancy, materiality, and admissibility of photographs as evidence are matters left to the sound discretion of the trial court."); *id.* ("If the offered photograph serves to corroborate testimony, it is not an abuse of discretion to admit it."); *id.* ("To constitute unfair prejudice, the photographs must create an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one."); *State v. Singleton*, 395 S.C. 6, 13, 716 S.E.2d 332, 335-36 (Ct. App. 2011) ("To warrant reversal based on the admission or exclusion of evidence, the appellant must prove both the error of the ruling and the resulting prejudice, i.e., that there is a reasonable probability the jury's verdict was influenced by the challenged evidence or the lack thereof.").

**AFFIRMED.**

**SHORT, KONDUROS, and LOCKEMY, JJ., concur.**