**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Larry Dean Casey, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2011-184746

## ON WRIT OF CERTIORARI

Appeal From Spartanburg County
J. Derham Cole, Trial Court Judge
J. Mark Hayes, II, Post-Conviction Relief Judge

Unpublished Opinion No. 2014-UP-264
Heard May 8, 2014 – Filed June 30, 2014

## AFFIRMED

Appellate Defender Robert M. Pachak, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Attorney General Suzanne Hollifield White, and Assistant Attorney General Karen Christine Ratigan, all of Columbia, for Respondent.

---

**PER CURIAM:**  In this post-conviction relief (PCR) case, the PCR court denied Petitioner Larry Dean Casey's application for PCR, rejecting Casey's claims that (1) his trial counsel was ineffective in failing to properly investigate and prepare for trial, and the alleged deficiency in counsel's performance resulted in a longer sentence than what Casey would have received under a plea offer that Casey rejected on the advice of his trial counsel; and (2) Casey's trial counsel provided inadequate representation during the pretrial suppression hearing.  Casey appealed, and this court granted a writ of certiorari to review the denial of PCR.  Pursuant to Rule 220(b), SCACR, and the following authorities, we now affirm the denial of PCR:

1.      As to trial counsel's investigation and preparation for trial: *Edwards v. State*, 392 S.C. 449, 456, 710 S.E.2d 60, 64 (2011) (stating that to receive PCR for ineffective assistance of counsel, an applicant must first show his trial counsel's performance was deficient when judged under the standard of "reasonableness under prevailing professional norms" (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984))); *Speaks v. State*, 377 S.C. 396, 399, 660 S.E.2d 512, 514 (2008) ("In post-conviction proceedings, the burden of proof is on the applicant to prove the allegations in his application." (citing *Butler v. State*, 286 S.C. 441, 442, 334 S.E.2d 813, 814 (1985))); *id.* ("On appeal, the PCR court's ruling should be upheld if it is supported by any evidence of probative value in the record." (citing *Cherry v. State*, 300 S.C. 115, 119, 386 S.E.2d 624, 626 (1989))); *Drayton v. Evatt*, 312 S.C. 4, 11, 430 S.E.2d 517, 521 (1993) ("We give great deference to a judge's findings where matters of credibility are involved since we lack the opportunity to directly observe the witnesses.").

2.      As to Casey's argument that his trial counsel provided inadequate representation during the pretrial suppression hearing: *Ard v. Catoe*, 372 S.C. 318, 331, 642 S.E.2d 590, 596 (2007) ("There is a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment in making all significant decisions in the case."); *Padgett v. State*, 324 S.C. 22, 26, 484 S.E.2d 101, 102-03 (1997) ("Where counsel articulates a valid reason for employing certain trial strategy, the conduct will not be deemed ineffective.").

**AFFIRMED.**

**HUFF, THOMAS, and PIEPER, JJ., concur.**