**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Joshua Forrest, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2011-186250

Appeal From Aiken County
W. Jeffrey Young, Circuit Court Judge

Unpublished Opinion No. 2015-UP-052
Submitted December 1, 2014 – Filed January 28, 2015

**AFFIRMED**

Appellate Defender Benjamin John Tripp, of Columbia, for Petitioner.

Attorney General Alan Wilson and Assistant Attorney General Mary Shannon Williams, both of Columbia, for Respondent.

**PER CURIAM:** Following the revocation of his probation, Petitioner filed an application for post-conviction relief (PCR), arguing ineffective assistance of probation counsel. The PCR court denied relief, and this court granted Petitioner's

petition for certiorari. Petitioner appeals the PCR court's denial of PCR, arguing the PCR court erred in declining to find probation counsel was ineffective for failing to object and failing to request a continuance. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to probation counsel's failure to object: *Simpson v. Moore*, 367 S.C. 587, 600 n.3, 627 S.E.2d 701, 708 n.3 (2006) (stating an issue is not preserved for appellate review when the PCR court does not consider the issue and the petitioner does not file a Rule 59(e), SCRCP, motion to alter or amend); *Plyler v. State*, 309 S.C. 408, 409, 424 S.E.2d 477, 478 (1992) (holding an issue must be raised to and ruled upon by the PCR court in order to be preserved for appellate review).

2. As to probation counsel's failure to request a continuance: *Davis v. State*, 326 S.C. 283, 288, 486 S.E.2d 747, 749 (1997) (holding the record did not support the PCR court's conclusion that counsel's deficient performance prejudiced petitioner when the petitioner did not show how additional preparation would have resulted in a different outcome); *Skeen v. State*, 325 S.C. 210, 213-15, 481 S.E.2d 129, 131-32 (1997) (holding when a petitioner fails to establish what evidence he could have procured had counsel moved for a continuance, he fails to establish how he was prejudiced by counsel's incomplete preparation); *Bozeman v. State*, 307 S.C. 172, 175, 414 S.E.2d 144, 146 (1992) (concluding the denial of the motion for a continuance did not constitute reversible error because the petitioner failed to point to any other evidence or witnesses that could have been produced if a continuance had been granted); *Kibler v. State*, 267 S.C. 250, 256, 227 S.E.2d 199, 202 (1976) (noting the PCR court will not speculate concerning what might have occurred if counsel had conducted further investigation).

**AFFIRMED.**[1]

**HUFF, SHORT, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.