22089

Willie DUNCAN, Jr., Appellant, v. STATE of South Carolina, Respondent.

(315 S. E. (2d) 809)

Supreme Court

*Appellant Defender John L. Sweeny* and *Asst. Appellate Defender William Isaac Diggs,* both of *S. C. Commission of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Donald J. Zelenka,* Columbia, *for respondent.*

Submitted Feb. 21, 1984.

Decided April 30, 1984.

LITTLEJOHN, Judge:

This is an appeal from the denial of the Appellant's application for post conviction relief (PCR). The Appellant, Willie Duncan, Jr., was convicted of murder, larceny and house breaking. On direct appeal, we affirmed his conviction. At the PCR hearing, he asserted that (1) the attorneys within the Public Defender's Office who represented him acted under a conflict of interest resulting in a denial of his sixth amendment right to counsel, (2) the Solicitor failed after request to supply him with a prior inconsistent statement made by a witness as required by rules of discovery, and (3) the Solicitor employed perjured or misleading testimony which reasonably likely affected the verdict of the jury. The judge dismissed the complaint. We affirm.

In January 1975, Walker Rochester was found dead in his home, obviously murdered. Three years later, the State brought charges against Duncan after a pistol allegedly stolen from the victim on the night of the crime, was traced through numerous owners to him. H. F. Partee, the Public Defender, and William Dobson, an Assistant Public Defender, represented Duncan. Steve Henry, another Assistant Public Defender, was also involved in the defense.

The State, through several witnesses, traced the possession of the pistol from Ronald J. Davis back to Duncan. One of those witnesses was Leroy Davis who was under an indictment for murder in another case at the time of Duncan's trial. Steve Henry represented Leroy Davis.

Two months before Duncan's trial, Leroy Davis, while represented by Henry, gave a statement to the Greenville Police Department. Leroy Davis stated that he had thrown the pistol allegedly stolen from the murder victim into some bushes while running from a shooting. Henry had in his files this statement, which, if true, would break the chain of possession.

Counsel for Duncan moved, pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. (2d) 215 (1963), for all prior inconsistent statements of any witnesses for the State. The Solicitor, knowing that Henry had the statement, did not give it to the defense. The Solicitor assumed Henry would deliver the statement to the other defenders handling the case. Henry, believing that he had an ethical duty not to reveal the statement, made a decision not to give it to Duncan's attorneys.

Before the trial of either Duncan or Leroy Davis, Leroy Davis decided to testify against Duncan. The Solicitor informed Davis that he would not use his testimony against him (Davis) in his on-coming trial.

At the trial, Leroy Davis testified that he received the gun from Johnny Richardson and later gave it to his brother, Ronald Davis. Ronald Davis testified that he was present when Leroy Davis received the pistol when Leroy Davis received the pistol from Johnny Richardson and that he received the pistol from his brother.

The jury convicted Duncan, largely on circumstantial evidence. His direct appeal failed.

We discuss the issues raised by Duncan after the application for PCR was refused.

## I.

The test used to determine when a conflict of interest results in a violation of sixth amendment rights is found in *Cuyler v. Sullivan*, 446 U.S. 335, 348-350, 100 S. Ct. 1708, 1718-19, 64 L. Ed. (2d) 333 (1980):

In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance. . . .

[A] defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief. . . . But until a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance.

*Zuck v. State of Alabama,* 588 F. (2d) 436, 439 (5th Cir. 1979), states that an actual conflict of interest occurs:

. . . when a defense attorney places himself in a situation inherently conducive to divided loyalties. . . . If a defense attorney owes duties to a party whose interests are adverse to those of the defendant, then an actual conflict exists. The interests of the other client and the defendant are sufficiently adverse if it is shown that the attorney owes a duty to the defendant to take some action that could be detrimental to his other client.

Although this is not a case where two or more defendants are represented by the same attorney for the same criminal episode, this court finds that the Appellant was in a situation analogous enough to that in *Cuyler* for the rule announced therein to apply. *See, e.g. Zuck v. State of Alabama, supra.*

This is a case of concurrent representation. The Public Defender's Office represented both Duncan and Leroy Davis, a witness against Duncan. Steve Henry, an Assistant Public Defender, made a conscious decision not to reveal the prior inconsistent statement of Davis to Duncan or his attorney. Henry, representing Davis on an unrelated murder charge, felt he had an ethical duty not to reveal the statement. Thus, Henry states that he acted under what he perceived to be a conflict of interest.

This court is unable to discern the conflict. Duncan and Henry have done no more than state in a conclusory fashion that there was a conflict of interest. There is no evidence in the record to support the conclusion. Revealing the statement could not have harmed Davis because the Solicitor had it

already. Henry's proper action should have been to go to the trial judge and explain the situation to him and ask guidance.

Duncan has failed to show that Henry owed a duty to a party (Davis) whose interests were adverse to his. *Zuck, supra.* We find no actual conflict of interest.

## II.

Duncan further argues that the State's failure to comply with the request for prior inconsistent statements denied him a fair trial. In *Brady v. Maryland,* 373 U.S. at 87, 83 S. Ct. at 1196-97, the Supreme Court held that the suppression by the prosecution of evidence favorable to the accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.

The trial judge found and this court agrees that Duncan had failed to meet the *Brady* standard of materiality. In light of the evidence adduced at the trial and PCR hearing, the disclosure of this statement would not have effected the outcome of the trial. There was ample evidence to establish the chain of custody of the pistol. Furthermore, Davis was not a key government witness.

The only way the prior inconsistent statement might have affected the trial was as impeaching evidence. On direct examination, Davis admitted to having pled guilty to robbery in 1972 and to being under indictment for the shooting of a man in 1978. Thus, the additional impeaching evidence of the inconsistent statement would not have had a meaningful impact on Davis' credibility. Reversal is not required. *See United States v. Pitt,* 717 F. (2d) 1334, 1339 (11th Cir. 1983).

## III.

The final issue on appeal concerns Duncan's argument that part of Leroy Davis's testimony was perjurious or misleading. At trial, Davis stated that the Solicitor had not made any promises or done anything to get him to testify at Duncan's trial. The Solicitor had advised Davis before Duncan's trial that his testimony would not be used at his own trial to impeach him. The Public Defender's Office was aware of this. The PCR judge found that the Solicitor had made no promises or threats to get Davis to testify and that the

testimony of Davis was neither false nor misleading. The evidence supports such a finding. *Griffin v. Martin,* 278 S. C. 620, 622, 300 S. E. (2d) 482, 483 (1983).

The order of the trial judge is

Affirmed.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.