551 S.E.2d 254

Malissa THOMAS, Petitioner,

v.

STATE of South Carolina, Respondent.

No. 25339.

Supreme Court of South Carolina.

Submitted June 20, 2001.

Decided Aug. 13, 2001.

Deputy Chief Attorney Joseph L. Savitz, III, of the South Carolina Office of Appellate Defense, and Tara Dawn Shurling, all of Columbia, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Allen Bullard, and Assistant Attorney General William Bryan Dukes; all of Columbia, for respondent.

MOORE, Justice:

We granted this petition for a writ of certiorari to determine if the post-conviction relief (PCR) court erred by finding counsel did not have a conflict of interest while representing petitioner. We reverse.

## FACTS

Petitioner pled guilty to trafficking in more than 200 grams of cocaine, and was sentenced to twenty-five years imprisonment and a $50,000 fine. No direct appeal was taken.

The facts of the crime are as follows. Police officers at the Florence airport became suspicious after observing petitioner and her husband carrying only one piece of luggage, acting nervous, and making a cellular telephone call. The officers approached the couple, who subsequently consented to a search of their bag. The search produced a 223.7 gram package of cocaine. Petitioner and Husband were both indicted for trafficking in more than two hundred grams of cocaine. They retained the same attorney to represent them in connection with the charges.

At the plea proceeding, the solicitor informed the plea judge that he offered petitioner and Husband a plea bargain, which consisted of the following: petitioner and Husband could each plead to trafficking in cocaine in an amount of more than one hundred grams and each receive an eight-year sentence or either petitioner or Husband could plead to the entire amount and receive the mandatory minimum sentence of twenty-five years, while the other person would be allowed to go free. The solicitor advised the plea judge that petitioner had agreed to claim responsibility for the entire amount of cocaine. The plea judge accepted her plea.

Petitioner later filed a PCR application alleging her counsel had a conflict of interest while representing her.

At the PCR hearing, counsel testified petitioner and Husband requested that he represent them both. He stated he informed them they needed separate attorneys because if they began to implicate each other, there would be a conflict of interest. Counsel testified both confessed to the crime and waived the potential conflict of interest because they did not want separate attorneys.

Counsel testified that, about a day before the trial was to begin, the solicitor offered the plea bargain. He stated the decision regarding the plea bargain was difficult because neither petitioner nor Husband wanted to plead guilty. Counsel testified he explained to them that if they went to trial they would both be convicted and each would receive twenty-five years without the possibility of parole. He further testified he told them the better course of action would be if they both pled guilty and received less time. However, since he felt the decision was between the two of them, he allowed

them to discuss the plea bargain out of his presence. After petitioner and Husband discussed it, petitioner decided she would plead to the entire amount.[1]

Counsel testified he was "shocked" petitioner agreed to be the one to plead guilty because he thought she was less culpable than Husband. He stated he did not recall discussing whether petitioner should retain her own counsel after the solicitor made the offer.

Petitioner testified she did not have her own money to hire a lawyer and she did not understand she could have possibly obtained an appointed lawyer. She stated if she had understood, she would not have used the same lawyer as her husband. Petitioner also indicated she would have gone to trial, rather than plead guilty, if she had understood she was pleading to a 25–year non-parolable sentence.

The PCR court found counsel did not have a conflict of interest, and petitioner had failed to meet her burden of proving such a conflict.

## ISSUE

Whether the PCR court erred by finding counsel did not have a conflict of interest while representing petitioner?

## DISCUSSION

■■■■ To establish a violation of the Sixth Amendment right to effective counsel due to a conflict of interest arising from multiple representation, a defendant who did not object at trial must show an actual conflict of interest adversely affected his attorney's performance. *Jackson v. State,* 329 S.C. 345, 354, 495 S.E.2d 768, 773 (1998) (citing *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); *Duncan v. State,* 281 S.C. 435, 315 S.E.2d 809 (1984)). An actual conflict of interest occurs where an attorney owes a

---

1. Counsel testified petitioner was going to plead guilty, but Husband was going to "stay on the street" and attempt to work with law enforcement. Counsel stated he discussed with petitioner that if Husband was instrumental in assisting law enforcement, he would try to get her case reopened. Nothing ever came of his plans, however, because Husband disappeared after the plea.

duty to a party whose interests are adverse to the defendant's. *Jackson v. State, supra* (citing *Duncan v. State, supra* ).

In this case, an actual conflict of interest arose when the solicitor offered a plea bargain that would allow the charge against one spouse to be dismissed if the other spouse would plead guilty to the entire amount of the cocaine. *See Duncan v. State, supra* (interests of other client and defendant are sufficiently adverse if it is shown the attorney owes duty to the defendant to take some action that could be detrimental to his other client). The conflict arose because it was in each spouse's best interest for the other spouse to take the entire responsibility for the cocaine. *See, e.g., Edgemon v. State,* 318 S.C. 3, 455 S.E.2d 500 (1995) (actual conflict of interest where counsel convinced solicitor petitioner's co-defendants were less culpable). At the moment the solicitor made the plea offer, petitioner's and Husband's interests became adverse to one another and counsel should have advised them accordingly.

Further, counsel acted upon this conflicting loyalty by failing to advise petitioner she had nothing to lose by proceeding to trial. *See Langford v. State,* 310 S.C. 357, 359, 426 S.E.2d 793, 795 (1993) (until defendant shows counsel actively represented conflicting interests, he has not established constitutional predicate for claim of ineffective assistance arising from multiple representation). By taking the plea, petitioner received the maximum sentence.

Although petitioner initially waived a conflict of interest, once it became clear an actual conflict existed due to the plea bargain, counsel should have either withdrawn from representing one or both of them or acquired another waiver covering this specific conflict. To be valid, a waiver of a conflict of interest must not only be voluntary, it must be done knowingly and intelligently. *United States v. Swartz,* 975 F.2d 1042, 1048–49 (4 th Cir.1992); *Hoffman v. Leeke,* 903 F.2d 280, 289 (4 th Cir.1990) (citation omitted). When deciding to waive a potential conflict, petitioner was told only that she needed a separate attorney in case she and Husband began to implicate each other, something that never happened. Petitioner should have been given another opportunity to waive the conflict, if she so chose, when the solicitor offered to dismiss the charge against one spouse in exchange for the

other spouse pleading guilty to the entire amount of cocaine. *See Swartz*, 975 F.2d at 1049–50 (waiver not knowing, intelligent, and voluntary unless defendant knows of precise form of conflict of interest that eventually results); *Hoffman*, 903 F.2d at 289 (Hoffman's waiver not intelligent "because Hoffman could not waive what he did not know").

Petitioner has shown an actual conflict of interest that adversely affected her attorney's performance. Further, her initial waiver of a potential conflict did not act as a waiver of this actual conflict. As a result, counsel was ineffective and the PCR court erred by denying her PCR application.[2]

**REVERSED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.

---

2. Petitioner does not have to demonstrate prejudice if there is an actual conflict of interest. *Duncan v. State, supra* (quoting *Cuyler v. Sullivan*, 446 U.S. at 348–350, 100 S.Ct. 1708 (defendant who shows conflict of interest actually affected adequacy of his representation need not demonstrate prejudice to obtain relief)).