557 S.E.2d 664

**Philbert R. FULLER, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

**No. 25392.**

Supreme Court of South Carolina.

Submitted Nov. 28, 2001.

Decided Dec. 17, 2001.

632

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General B. Allen Bullard, Jr., all of Columbia, and Assistant Attorney General Kathleen J. Hodges, of Greenville, for petitioner.

Senior Assistant Appellate Defender Wanda H. Haile, of Columbia, for respondent.

WALLER, Justice:

We granted the State's petition for a writ of certiorari to review the grant of Post Conviction Relief (PCR) to respondent, Philbert Fuller. We reverse the grant of PCR and reinstate Fuller's convictions.

## FACTS

Fuller was indicted and jointly tried, along with two co-defendants, Alfred Meadows and James McClain, for assault and battery with intent to kill and possession of a firearm or knife during commission of a violent crime.[1] Originally, all three defendants claimed an alibi defense and were represented by the same counsel, attorneys James O. Thomasson, Sr. and R. Scott Davis. Trial counsel testified that all three defendants were advised of the potential for conflicts of interest but that each of the defendants agreed to continued representation. However, when McClain subsequently changed his story, counsel moved to be relieved as his counsel. According to trial counsel, at the hearing on the motion to be

---

1. The charges stem from the shooting of a 15-year-old boy, Travis Hines, in Spartanburg. Hines was paralyzed from the waist down as a result. The shooting was allegedly in retaliation for the earlier shooting of Terrance Norman, a friend of the defendants.

relieved, both Meadows and Fuller were advised by the judge of the potential for conflicts.[2] Counsel continued joint representation of Fuller and Meadows as both defendants claimed the same alibi defense and had the same alibi witnesses. Meadows and Fuller both testified at trial, but McClain did not. Counsel testified they did not call McClain to testify as they "knew what he was going to say as far as putting him [Fuller] at the scene." [3]

Fuller and Meadows both testified at trial and claimed to have been at the hospital visiting their friend, Terrance Norman, who had been shot earlier that day. Several witnesses corroborated their alibi. However, testimony of the State's witnesses was conflicting: one State's witness placed both Meadows and Fuller at the scene (and claimed McClain was not present), while three State's witnesses placed Fuller at the scene and specifically testified Meadows was not at the scene of the crime. The jury convicted Fuller and McClain; Meadows was acquitted. Fuller was granted PCR on the basis of "the appearance of a conflict of interest."

## ISSUE

Was Fuller properly granted PCR on the basis of the appearance of a conflict of interest?

## DISCUSSION

To establish a violation of the Sixth Amendment right to effective counsel due to a conflict of interest arising from multiple representation, a defendant who did not object at trial must show an actual conflict of interest adversely affected his attorney's performance. *Jackson v. State*, 329 S.C. 345, 495 S.E.2d 768 (1998); *Duncan v. State*, 281 S.C. 435, 315 S.E.2d 809 (1984). An actual conflict of interest occurs where an attorney owes a duty to a party whose

---

**2.** Further, during the course of trial, Judge Cole inquired of Meadows and Fuller as to whether they had been advised of and understood the possibility of a conflict.

**3.** From the testimony of attorneys Thomasson and Davis, it appears McClain admitted his participation in the shooting, and that he indicated Fuller was at the scene of the crime.

interests are adverse to the defendant's. The mere possibility of a conflict of interest is insufficient to impugn a criminal conviction. *Id.*

Here, the PCR court found the appearance of a conflict based on the fact that Fuller was convicted while Meadows was acquitted, and that counsel were unable to cross-examine McClain about statements he made to them during their representation of him. Fuller has failed to demonstrate that either of these situations resulted in an actual conflict.

■ As to the joint representation, counsel testified at PCR that Fuller and Meadows' defenses were consistent; both maintained they had been at the hospital visiting Terrance Norman, who had been shot earlier in the day, and both presented several witness to this effect. The attorneys also testified that both Fuller and Meadows had been advised of the potential for conflicts and agreed to continued joint representation. In fact, counsel believed Fuller and Meadows' alibi defense was stronger if they were tried together, both telling the same story and utilizing the same alibi witnesses. The difference in the outcome of their cases came when several of the State's eyewitness placed Fuller, but not Meadows, at the scene. In fact, three State's witness testified Meadows was not at the scene.[4] The fact that State's witnesses gave inconsistent testimony against Fuller and Meadows simply does not present an actual conflict of interest in the joint representation by Thomasson and Davis.

■ Moreover, we find no conflict resultant from counsel's prior representation of McClain. Fuller claims that, but for the prior representation, counsel could have called McClain (who did not testify), and impeached him with his earlier statement to police in which he claimed that neither he, Meadows, nor Fuller was present at the scene of the crime. Counsel testified, however, that they had no intentions of calling McClain as a witness because they "knew what he was going to say as far as putting him [Fuller] at the crime scene." We find neither any deficiency, nor any conflict, in counsel's failure to call a witness who, by all indications, would have

---

4. Only one State's witness placed Meadows at the scene; the same witness, however, also maintained that McClain was not at the scene.

inculpated Fuller in the crime. Further, Fuller failed to present McClain at PCR and has therefore failed to meet his burden. *Glover v. State*, 318 S.C. 496, 458 S.E.2d 538 (1995) (applicant's mere speculation what witness' testimony would have been cannot, by itself, satisfy the applicant's burden of showing prejudice).

We find there was neither an actual conflict, nor the appearance of a conflict of interest in this case.[5] Accordingly, as the ruling of the PCR court is not supported by any evidence, it is reversed. *See Roddy v. State*, 339 S.C. 29, 528 S.E.2d 418 (2000)(where there is no evidence of probative value to support the findings of the PCR judge, the ruling will not be upheld); *Jackson v. State, supra* (mere possibility of conflict of interest is insufficient to impugn conviction).

**REVERSED.**

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur.

---

5. Moreover, any potential conflict was clearly waived by Fuller at the hearing in which Thomasson and Davis were relieved as counsel for McClain, and the appendix demonstrates that both Meadows and Fuller were questioned by the trial judge and indicated they understood the possibility of a conflict, and that they nonetheless wished to proceed.