612 S.E.2d 449

**The STATE, Respondent,**

v.

**Harold GREGORY, Appellant.**

No. 25972.

Supreme Court of South Carolina.

Heard March 3, 2005.
Decided April 18, 2005.

William Joseph Sussman, of Augusta, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia, and Solicitor Barbara R. Morgan, of Aiken, for Respondent.

Justice WALLER.

This case was certified to this Court from the Court of Appeals pursuant to Rule 204(b), SCACR. Appellant, Harold Gregory, was convicted of two counts of committing a lewd act on a child and sentenced to concurrent twelve year terms of imprisonment. We reverse.

## FACTS

Gregory was indicted for two counts of criminal sexual conduct with a minor in the second degree, two counts of committing a lewd act on a child, and one count of first-degree sexual exploitation of a minor. The acts allegedly committed by Gregory all involved his adopted daughter, Melissa.

Melissa was born on June 23, 1973. Gregory married her mother when she was 5 years old. According to Melissa's testimony at trial, when she was approximately 10 years old, Gregory began coming into her bedroom at night and molesting her. The molestation continued until she was approximately 13 years old, at which time Gregory adopted her, and ceased molesting her for a period of time. He began the molestation again which went on, off and on, until she was 28 years old. Gregory's defense at trial was that, although he and Melissa had engaged in inappropriate acts, they had all happened after she had turned 18.

The jury convicted Gregory of two counts of lewd act upon a child.

## ISSUE

Although numerous issues are raised, the sole issue we need address is whether the trial court erred in refusing to grant a continuance and relieve Gregory's attorney due to the attorney's conflict of interest?

## DISCUSSION

■ On the first day of trial, Gregory's defense attorney moved to be relieved as counsel and requested a continuance. He advised the court that he had begun representing Gregory in June 2002 and that, in January 2003, he began representing an Aiken County Assistant Solicitor in her divorce action. Defense counsel indicated he had had some negotiations with the solicitor concerning the charges against Gregory, and that Gregory was thereafter indicted for another charge (sexual exploitation of a minor). Counsel advised Gregory of his representation of the assistant solicitor when it became apparent the case was going to trial.

The trial court inquired in what manner Gregory would be prejudiced by counsel's continued representation. Counsel's response was that Gregory's confidence in his ability was diminished, regardless of whether the solicitor was out of the case because Gregory believed they may have been "in cahoots." The court then indicated that the assistant solicitor would not participate in the trial, and the case would be prosecuted by another solicitor. The trial court ruled Gregory had not shown he was prejudiced, and that defense counsel had not done anything inappropriate. Accordingly, the motions to be relieved and for a continuance were denied.

Gregory asserts the trial court erred in denying counsel's motion to be relieved and in denying a continuance based upon counsel's conflict of interest. We agree.

■ "[A] motion to relieve counsel is addressed to the discretion of the trial judge and will not be disturbed absent an abuse of discretion." *State v. Graddick,* 345 S.C. 383, 385, 548 S.E.2d 210, 211 (2001) (citation omitted). An actual conflict of interest occurs where an attorney owes a duty to a party whose interests are adverse to the defendants. *Fuller v. State,* 347 S.C. 630, 557 S.E.2d 664 (2001). The mere

possibility defense counsel may have a conflict of interest is insufficient to impugn a criminal conviction. *See Langford v. State*, 310 S.C. 357, 359, 426 S.E.2d 793, 795 (1993) citing *Cuyler v. Sullivan*, 446 U.S. 335, 350, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). However, a defendant need not demonstrate prejudice if there is an actual conflict of interest. *Thomas v. State*, 346 S.C. 140, 551 S.E.2d 254 (2001); *Duncan v. State*, 281 S.C. 435, 315 S.E.2d 809 (1984) *citing Cuyler v. Sullivan*, 446 U.S. 335, 348–350, 100 S.Ct. 1708, 1718–19, 64 L.Ed.2d 333 (1980).

In *Duncan v. State*, 281 S.C. at 438, 315 S.E.2d at 811 (1984), this Court set forth the following test to determine when an actual conflict of interest occurs:

> ... when a defense attorney places himself in a situation inherently conducive to divided loyalties.... If a defense attorney owes duties to a party whose interests are adverse to those of the defendant, then an actual conflict exists. The interests of the other client and the defendant are sufficiently adverse if it is shown that the attorney owes a duty to the defendant to take some action that could be detrimental to his other client. An actual conflict of interest occurs where an attorney owes a duty to a party whose interests are adverse to the defendant's.

*citing Zuck v. State of Alabama*, 588 F.2d 436, 439 (5th Cir.1979).

The question in this case is whether defense counsel owed duties to a party whose interests were adverse to Gregory. Under this Court's holding in *Duncan* and the case cited therein, *Zuck v. Alabama*, we find that he did. In *Zuck v. Alabama*, the Fifth Circuit Court of Appeals held that where the law firm retained to represent the defendant in a murder trial also represented the state prosecutor in an unrelated civil trial, there was an actual conflict of interest, and the conflict rendered the trial fundamentally unfair. The court noted that "the basis of these decisions is our belief that the sixth amendment requires that **a defendant may not be represented by counsel who might be tempted to dampen the ardor of his defense in order to placate his other client.... This possibility is sufficient to constitute an actual conflict as a matter of law.**" 588 F.2d at 440

(emphasis supplied). Similarly, in *People v. Castro*, 657 P.2d 932 (Colo.1983), the Supreme Court of Colorado held a defense attorney's representation of the district attorney on criminal charges of overspending his office budget, while· simultaneously representing the defendant on a criminal charge of murder, created a conflict of interest, notwithstanding the district attorney did not participate in the trial of the case. The *Castro* court stated, "[t]he District Attorney's office, for example, in order to avoid any appearance of favoritism, might well take an unusually hard line on plea bargaining to the disadvantage of the defendant. Defense counsel, in turn, might be reluctant to incur the disfavor of her other client, the district attorney, by pressing hard for the best possible plea bargain for the defendant.... What is critical, in our view, is the presence of a real and substantial conflict that placed the defense attorney in a situation inherently conducive to and productive of divided loyalties." 657 P.2d at 945.[1]

In this case, we find Gregory's attorney had an actual conflict because he placed himself in a "situation inherently conducive to divided loyalties" by simultaneously representing Gregory and the assistant solicitor who was handling his criminal case. Given the actual conflict, Gregory is not required to demonstrate prejudice. *Thomas, supra.*

In light of our holding, we need not address the remaining issues raised by Gregory. The judgment below is reversed and the matter remanded for a new trial.

**REVERSED AND REMANDED.**

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur.

---

1. The possibility that the ardor of counsel's defense was dampened by his representation of the solicitor is apparent from the record. Although Gregory raised numerous issues on appeal, the majority were not preserved for review because they were not objected to at trial. Further, the fact that another charge was brought against Gregory subsequent to counsel's negotiations with the solicitor lend credence to the suggestion that the solicitor's office may have taken an unusually hard line against Gregory, simply to avoid any appearance of favoritism.