643 S.E.2d 690

**Daniel V. STAGGS, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

**No. 26297.**

Supreme Court of South Carolina.

Submitted Feb. 14, 2007.

Decided April 2, 2007.

Frank L. Eppes, of Eppes & Plumbee, PA, of Greenville, for Petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Karen C. Ratigan, all of Columbia, for Respondent.

Justice WALLER:

We granted a writ of certiorari to review the denial of Post–Conviction Relief (PCR) to Petitioner, Daniel Staggs. The sole issue we need address is whether trial counsel had a conflict of interest in representing Staggs in his trial for murder, while simultaneously representing Staggs' father,

mother and brother on accessory after the fact charges.[1]  We find that he did and, accordingly, we reverse.

## FACTS

Staggs was arrested for the murder of Daniel L. Grier.  It appears Grier was shot after he and Staggs were engaged in a "road rage" type incident in Greenville.  Staggs was represented by attorney Michael A. Devine.[2]  Subsequent to Staggs' arrest, his father, mother and brother were charged as accessories after the fact.  Thereafter, Devine undertook to represent his father, mother and brother while simultaneously representing Staggs on the murder charge.

Staggs did not testify at trial based upon counsel's recommendation.  Counsel also declined to offer the testimony of Staggs' family members at trial.  Staggs was convicted of murder and possession of a firearm during commission of a violent crime and sentenced to life plus five years for the weapons charge.

Staggs filed for PCR, contending counsel had a conflict of interest in representing him together with his family members.  The PCR court denied relief.  We reverse.

## DISCUSSION

To establish a violation of the Sixth Amendment right to effective counsel due to a conflict of interest arising from multiple representation, a defendant who did not object at trial must show an actual conflict of interest adversely affected his attorney's performance.  *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); *Fuller v. State*, 347 S.C. 630, 557 S.E.2d 664 (2001); *Thomas v. State*, 346 S.C. 140, 551 S.E.2d 254 (2001).  An actual conflict of interest occurs where an attorney owes a duty to a party whose interests are adverse to the defendant's.  *Id.* In *Thomas*, this Court held that a defendant who shows that a conflict

---

1. Although Staggs also raised the issue of trial counsel's failure to preserve issues relating to the trial court's self-defense and manslaughter charges, we need not address those issues in light of our remand for a new trial.

2. Staggs also had co-counsel; however, Devine was lead counsel. Devine has since been indefinitely suspended from the practice of law. *In the Matter of Devine*, 345 S.C. 633, 550 S.E.2d 308 (2001).

of interest actually affected the adequacy of his representation need not demonstrate prejudice to obtain relief.

Staggs asserts Devine had an actual conflict inasmuch as the interests of his mother, father, and brother were adverse to his own. We agree.

At PCR, Staggs testified Devine advised him he did not want him taking the stand in order to preserve the right to final closing argument. However, Staggs' sister-in-law, who is married to his brother Yancey, testified that Devine told her he was not going to allow Staggs to testify because "he say he cannot testify because he was representing all four of us. And if Daniel said, if anything, it could hurt us. If we said anything, it could hurt Daniel. It was in our best interest that nobody said anything about anybody." Staggs' father Billy testified similarly at PCR that Devine had told him to persuade Staggs not to testify because it might hurt their case.

It is clear from the testimony of Staggs' father and sister-in-law that Devine had an actual conflict of interest and that the conflict adversely affected his performance. Under *Fuller* and *Thomas*, Staggs is clearly entitled to relief. Accordingly, the order of the PCR court denying Staggs relief is reversed and the matter remanded for a new trial.

**REVERSED AND REMANDED.**

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur.