**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

West Webb Mitchum, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2012-212400

---

**ON WRIT OF CERTIORARI**

---

Appeal From Charleston County
Deadra L. Jefferson, Plea Judge
Kristi Lea Harrington, Post-Conviction Relief Judge

---

Unpublished Opinion No. 2015-UP-559
Submitted October 1, 2015 – Filed December 23, 2015

---

**REVERSED**

---

Appellate Defender Benjamin John Tripp, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant Deputy Attorney General James Rutledge Johnson, both of Columbia, for Respondent.

**PER CURIAM:** West Webb Mitchum appeals the denial of his application for post-conviction relief (PCR), arguing the PCR court erred by failing to find his plea counsel ineffective due to an actual conflict of interest that arose out of the dual representation of Mitchum and codefendant Daniel Martin. We agree and reverse the PCR court's finding that no actual conflict of interest existed. *See Stalk v. State*, 375 S.C. 289, 296, 652 S.E.2d 402, 405 (Ct. App. 2007) ("[W]here there is no evidence of probative value to support the findings of the PCR court, the appellate court will reverse."), *aff'd as modified*, 383 S.C. 559, 681 S.E.2d 592 (2009).

Mitchum and Martin engaged in a conspiracy spanning several years wherein they purchased cocaine and equally divided it amongst themselves for both personal use and sale. The State indicted Mitchum for one count of conspiracy to traffic cocaine, one count of possession with intent to distribute cocaine, and nine counts of trafficking cocaine. The State indicted Martin for conspiracy to traffic cocaine and possession with intent to distribute cocaine but did not indict Martin on any trafficking charges. A conflict of interest existed at this point because it was in Mitchum's interest to argue he and Martin were equally culpable and the State was selectively prosecuting him. *See State v. Condrey*, 349 S.C. 184, 193, 562 S.E.2d 320, 324 (Ct. App. 2002) ("[T]he acts and declarations of any conspirator made during the conspiracy and in furtherance thereof are deemed to be the acts and declarations of every other conspirator and are admissible against all." (quoting *State v. Sullivan*, 277 S.C. 35, 42, 282 S.E.2d 838, 842 (1981)). Moreover, at Mitchum and Martin's plea hearing, the State recommended a sentence of fifteen years' imprisonment for Martin and a sentence of twenty years' imprisonment for Mitchum. It was therefore also in Mitchum's interest at this point to argue, based on their equal culpability, that he and Martin should be given equal sentences. Consequently, Mitchum's and Martin's interests were adverse to one another because advancing such arguments would be detrimental to Martin, and a conflict of interest arose when plea counsel assumed representation of both clients.[1] *See Lomax v. State*, 379 S.C. 93, 101, 665 S.E.2d 164, 168 (2008) ("An actual conflict of interest occurs where an attorney owes a duty to a party whose interests are

---

[1] We also note it was in Mitchum's interest to further argue for a lighter sentence than Martin because his prior criminal record was less extensive than Martin's.

adverse to the defendant's." (quoting *Staggs v. State*, 372 S.C. 549, 551, 643 S.E.2d 690, 692 (2007)).

Furthermore, this conflict of interest adversely affected plea counsel's performance at the plea hearing because he failed to advance the above arguments and seek a more favorable sentence on Mitchum's behalf. *See id.* ("To establish a violation of the Sixth Amendment right to effective counsel due to a conflict of interest arising from multiple representation, a defendant who did not object at trial must show an actual conflict of interest adversely affected his attorney's performance." (quoting *Thomas v. State*, 346 S.C. 140, 143, 551 S.E.2d 254, 256 (2001)). Mitchum was thus denied the effective assistance of counsel at his plea hearing. *See id.* at 102, 665 S.E.2d at 168 ("[A] defendant need not demonstrate prejudice if there is an actual conflict of interest." (quoting *State v. Gregory*, 364 S.C. 150, 153, 612 S.E.2d 449, 450 (2005)).

**REVERSED.**[2]

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.