**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Albert Edward Siders, Appellant.

Appellate Case No. 2015-000995

———

Appeal From Colleton County
Thomas W. Cooper, Jr., Circuit Court Judge

———

Unpublished Opinion No. 2017-UP-429
Submitted October 1, 2017 – Filed November 15, 2017

———

**AFFIRMED**

———

Appellate Defender Laura Ruth Baer, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William Frederick Schumacher, IV, both of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, for Respondent.

———

**PER CURIAM:** Albert Edward Siders appeals his convictions of armed robbery, kidnapping, and possession of a weapon during the commission of a violent crime, for which he was sentenced to life without parole. Siders argues the circuit court

erred in denying his motion to relieve counsel due to a conflict of interest that arose when Siders named his counsel as a defendant in a civil action he filed in federal court.[1]  Siders also argues the circuit court should have advised him of his right to proceed pro se.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Childers*, 373 S.C. 367, 372, 645 S.E.2d 233, 235 (2007) ("A motion to relieve counsel is addressed to the discretion of the [circuit court] and will not be disturbed absent an abuse of discretion."); *id.* ("The movant bears the burden to show satisfactory cause for removal."); *State v. Gregory*, 364 S.C. 150, 152–53, 612 S.E.2d 449, 450 (2005) ("The mere possibility defense counsel may have a conflict of interest is insufficient to impugn a criminal conviction."); *Duncan v. State*, 281 S.C. 435, 438, 315 S.E.2d 809, 811 (1984) (holding that merely "stat[ing] in a conclusory fashion that there was a conflict of interest" with "no evidence in the record to support the conclusion" is insufficient to show an actual conflict of interest); *Richardson v. State*, 377 S.C. 103, 107, 659 S.E.2d 493, 495 (2008) (per curiam) (providing in the post-conviction relief context that the filing of a disciplinary complaint against counsel should not result in the automatic removal of counsel); *State v. Sims*, 304 S.C. 409, 415, 405 S.E.2d 377, 381 (1991) ("The right to appear *pro se* must be clearly asserted by the defendant before trial.").

**AFFIRMED.**[2]

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**

---

[1] Our record indicates the federal action relates to "jail conditions, lock-up status, and access to meaningful exercise of recreation" as opposed to counsel's representation of Siders.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.