**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Timothy Wayne Wheeler, Appellant.

Appellate Case No. 2017-000152

Appeal From Edgefield County
Eugene C. Griffith, Jr., Circuit Court Judge

Unpublished Opinion No. 2019-UP-307
Submitted June 1, 2019 – Filed August 28, 2019

**AFFIRMED**

Appellate Defender Taylor Davis Gilliam, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia; and Solicitor Samuel R. Hubbard, III, of Lexington, all for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Justus*, 392 S.C. 416, 418, 709 S.E.2d 668, 670 (2011) (stating a defendant has the Sixth Amendment right to the assistance of counsel); *Thomas*

*v. State*, 346 S.C. 140, 143, 551 S.E.2d 254, 256 (2001) ("To establish a violation of the Sixth Amendment right to effective counsel due to a conflict of interest arising from multiple representation, a defendant who did not object at trial must show an actual conflict of interest adversely affected his attorney's performance."); *State v. Gregory*, 364 S.C. 150, 152, 612 S.E.2d 449, 450 (2005) ("An actual conflict of interest occurs where an attorney owes a duty to a party whose interests are adverse to the defendants."); *id.* at 152-53, 612 S.E.2d at 450 ("The mere possibility defense counsel may have a conflict of interest is insufficient to impugn a criminal conviction."); *Fuller v. State*, 347 S.C. 630, 634, 557 S.E.2d 664, 666 (2001) (finding no conflict in trial counsel's prior representation of one of the co-defendants); *Langford v. State*, 310 S.C. 357, 359-60, 426 S.E.2d 793, 795 (1993) (concluding counsel did not actively represent competing interests because there was no evidence counsel "advised either co-defendant to plead guilty in order to obtain more favorable consideration for the other" and "[t]he mere fact that [the co-defendant] would be available to testify against [the defendant did] not establish an actual conflict of interest").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and SHORT and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.