**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Erick Hernandez, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2016-001142

———————————

Appeal From Horry County
Thomas A. Russo, Circuit Court Judge

———————————

Unpublished Opinion No. 2020-UP-101
Submitted February 19, 2020 – Filed April 8, 2020

———————————

**AFFIRMED**

———————————

Wanda H. Carter, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General Megan Harrigan Jameson, and Assistant Attorney General Johnny Ellis James, Jr., all of Columbia, for Respondent.

———————————

**PER CURIAM:** In this appeal from the denial of an application for post-conviction relief (PCR), Erick Hernandez argues the PCR judge erred in not finding his guilty plea was involuntarily given because he was coerced into waiving a conflict of interest caused by plea counsel's simultaneous representation

of a co-defendant in a drug conspiracy ring.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:  *Smalls v. State*, 422 S.C. 174, 180-81, 810 S.E.2d 836, 839-40 (2018) ("We defer to a PCR court's findings of fact and will uphold them if there is any evidence in the record to support them."); *Speaks v. State*, 377 S.C. 396, 399, 660 S.E.2d 512, 514 (2008) ("In post-conviction proceedings, the burden of proof is on the applicant to prove the allegations in his application."); *Lomax v. State*, 379 S.C. 93, 101, 665 S.E.2d 164, 168 (2008) ("The mere possibility defense counsel may have a conflict of interest is insufficient to impugn a criminal conviction." (quoting *State v. Gregory*, 364 S.C. 150, 152-53, 612 S.E.2d 449, 450 (2005), *abrogated on other grounds by Smalls*, 422 S.C. at 181 n.2, 810 S.E.2d at 839 n.2)); *id.* at 102, 665 S.E.2d at 168 ("[U]ntil a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance." (quoting *Duncan v. State*, 281 S.C. 435, 438, 315 S.E.2d 809, 811 (1984))); *Thomas v. State*, 346 S.C. 140, 143, 551 S.E.2d 254, 256 (2001) ("To establish a violation of the Sixth Amendment right to effective counsel due to a conflict of interest arising from multiple representation, a defendant . . . must show an actual conflict of interest adversely affected his attorney's performance."); *United States v. Nicholson*, 475 F.3d 241, 249 (4th Cir. 2007) ("The petitioner must show (1) that his lawyer was under 'an actual conflict of interest' and (2) that this conflict 'adversely affected his lawyer's performance.'" (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980))); *United States v. Swartz*, 975 F.2d 1042, 1048 (4th Cir. 1992) ("[T]he Sixth Amendment right to conflict-free representation, like the right to counsel itself, may be the subject of a waiver."); *Thomas*, 346 S.C. at 144, 551 S.E.2d at 256 ("To be valid, a waiver of a conflict of interest must not only be voluntary, it must be done knowingly and intelligently."); *Hyman v. State*, 397 S.C. 35, 44, 723 S.E.2d 375, 379 (2012), *abrogated on other grounds by Smalls*, 422 S.C. at 181 n.2, 810 S.E.2d at 839 n.2 ("When attempting to determine the voluntary and intelligent nature of a plea, the plea colloquy ordinarily serves as confirmation that a criminal defendant is waiving the right to raise certain constitutional claims by pleading guilty."); *Kolle v. State*, 386 S.C. 578, 589, 690 S.E.2d 73, 78-79 (2010), *abrogated on other grounds by Smalls*, 422 S.C. at 181 n.2, 810 S.E.2d at 839 n.2 ("[T]he voluntariness of a guilty plea is not determined by an examination of a specific inquiry made by the [plea court] alone, but is determined from both the record made at the time of the entry of the guilty plea, and also from the record of the PCR hearing."); *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) ("The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970))).

**AFFIRMED.**[1]

**HUFF, THOMAS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.